**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| **UNITED STATES OF AMERICA (Farm Service Agency),** <br><br> **Plaintiff,** <br><br> v. <br><br> **JOSEPH N. PARRIS,** <br><br> **Defendant.** <br> _____ | 1:13-cv-00043 |

TO:  Angela P. Tyson-Floyd, Esq., AUSA
     Joseph N. Parris, *Pro Se*
         # 161-D Estate Whim
         Frederiksted, VI  00840

## MEMORANDUM OPINION

THIS MATTER is before the Court upon United States of America's Motion for Summary Judgment (ECF No. 17).  The time for filing a response to the motion has expired.  For the reasons discussed below, the Court will grant Plaintiff's Motion. [1]

## BACKGROUND

On April 29, 2013, Plaintiff filed a Complaint for debt and foreclosure against Defendant, Joseph N. Parris (ECF No. 1).  Plaintiff alleges that Defendant defaulted on two promissory notes, secured by a mortgage regarding certain property (the Property) described as:

---

[1] The undersigned issues this ruling pursuant to the Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (ECF No. 23) executed by the parties, and the Order Referring Case to Magistrate Judge (ECF No. 24), entered by Chief Judge Wilma A. Lewis.

*United States v. Parris*
1:13-cv-00043
Memorandum Opinion
Page 2

> Plot No. 161-F Whim Estates, West End Quarter, St. Croix, U.S. Virgin Islands, consisting of 0.525 U.S. acre, all as and described on L.G.O. No. 5165, dated March 2, 2000,

as well as a 2006 Chevrolet Truck, VIN: 1GCCS136668310662.  Comp. at paras. 10-11.  In the Complaint, Plaintiff alleges that, on October 19, 2009, Defendant executed and delivered to Plaintiff, acting through the Farm Service Agency, an agency of the United States Department of Agriculture, a promissory note (the First Note), obligating him to pay Plaintiff the principal amount of $2,000.00, together with interest at the rate of 3 % per annum, "due and payable in one installment on October 19, 2010." *Id.* at para. 5.  Plaintiff further alleges that on or about October 19, 2009, Defendant executed and delivered to Plaintiff, a second promissory note (the Second Note) obligating him to pay Plaintiff the principal amount of $31,860.00, with interest at the rate of 3% per annum.  *Id.* at para. 6.  To secure payment on the Notes, Defendant executed and delivered to Plaintiff a real estate mortgage dated October 9, 2009, (the "Mortgage").  *Id.* at para. 10.  Plaintiff also holds a "purchase money security interest in the 2006 Chevrolet truck by virtue of having advanced the funds for the purchase of this vehicle . . . ."  *Id.* at para. 11.

The purpose of the loans was for Defendant "to engage in farming operations" which included the "purchase of a vehicle to be used solely for farm operations."  *Id*. at para. 8.  Moreover, Plaintiff alleges that, "on or about September 24, 2009, Joseph N. Parris executed a "notice of Loan Approval and Borrower Responsibilities" acknowledging that he had been informed of the basic terms and conditions of the loan which included, among other things,

*United States v. Parris*
1:13-cv-00043
Memorandum Opinion
Page 3

the requirement that the borrower provide the FSA with copies of all receipts for supplies, equipment, or anything purchased with loan funds." *Id*. at para. 12.  The Complaint alleges that Defendant "did not provide receipts," and, when Plaintiff refused to advance loan funds, Defendant "disposed of the thyme plants . . . and ceased farming operations." *Id*. at paras. 14-15.

The Complaint further alleges that Defendant is in default under the terms and conditions of the First and Second Notes, Mortgage, Notice of Loan Approval and Borrower Responsibilities and other loan documents by his failure to pay the installment payments due on October 19, 2010, and by disposing of the thyme plants, failing to account for how loan advances were expended, and by ceasing farm operations.  *Id*. at para. 16.

Plaintiff subsequently filed its Motion for Summary Judgment against Defendant, claiming that it was undisputed that Defendant is "in default under the terms and conditions of the notes, mortgage, and security agreement."  Mem. (ECF No. 19) at 1.  The Government provided an affidavit of Larry Purnell, Farm Loan Chief for the Florida/U.S. Virgin Islands State Office, which itemizes how the interest and costs were calculated.  ECF No. 18-1.  In his affidavit, Mr. Purnell asserts that Plaintiff determined that principal in the amount of $1,591.15 was owed on the First Note.  *Id.* at para. 22(a).  Mr. Purnell also states that the principal balance owed on the Second Note was $17,290.00.  *Id.* at para. 22(b).  He calculated the interest from the date of each loan advance through January 16, 2014, as totaling $2,183.72.  *Id.*  One cost in the amount of $125.00 for a title search, accruing

*United States v. Parris*
1:13-cv-00043
Memorandum Opinion
Page 4

interest at a $0.0103 per diem rate. *Id.* at para. 22(c). Mr. Purnell attached a Certificate of Indebtedness which lists these all of these charges. ECF No. 18-10.

The parties attempted to settle the matter, but, at a status conference held before the undersigned on October 9, 2014, Defendant decided not to execute a consent judgment. Consequently, Plaintiff requested a ruling on its Motion for Summary Judgment.

Plaintiff submitted a supplement to its motion, attaching an updated Certificate of Indebtedness, reflecting the fact that the loan was restructured in February 2014 and the interest that had accrued through October 9, 2014. This certificate shows an outstanding total debt of $20,393.51. The matter is now ripe for adjudication.

## DISCUSSION

### A. Summary Judgment Standard

"Summary judgment is proper where the pleadings, depositions, answers to interrogatories, admissions, and affidavits show there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Nicini v. Morra*, 212 F.3d 798, 805-06 (3d Cir. 2000) (en banc); *see also* Fed. R. Civ. P. 56(a). After the "moving party points to evidence demonstrating no issue of material fact exists, the non-moving party has the duty to set forth specific facts showing that a genuine issue of material fact exists and that a reasonable factfinder could rule in its favor." *Ridgewood Bd. of Educ. v. N.E. ex rel. M.E.*, 172 F.3d 238, 252 (3d Cir. 1999) (citations omitted). A factual dispute is deemed genuine "if the evidence is such that a reasonable jury could return a verdict for

*United States v. Parris*
1:13-cv-00043
Memorandum Opinion
Page 5

the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In reviewing the evidence, the court may not weigh the evidence and must give the nonmoving party the benefit of all reasonable inferences. *Reedy v. Evanson*, 615 F.3d 197, 210 (3d Cir. 2010) (citations omitted); *Bray v. Marriott Hotels*, 110 F.3d 986, 989 (3d Cir. 1997).

To succeed on a foreclosure claim under Virgin Islands law, "the plaintiff must show (1) the debtor executed a promissory note and mortgage, (2) the debtor is in default under the terms of the note and mortgage, and (3) the lender is authorized to foreclose on the property mortgaged as security for the note." *Thompson v. Florida Wood Treaters, Inc.,* Civil No. 2006-224, 2009 WL 4730784 at *3 (D.V.I. Dec. 6, 2009) (citing *National Union Fire Ins. Co. v. Saunders*, 899 F. Supp. 452, 455 (C.D. Cal. 1993)); *see also* Am. Jur. 2d Mortgages § 633 (2008) (foreclosure requires valid mortgage, default on part of mortgagor, and foreclosure in compliance with terms of contract).

### B. Analysis

Plaintiff has submitted the Promissory Notes dated October 19, 2009, executed by Defendant Joseph Parris, Jr., in which he promises to pay the government the principal sums of $2,000.00 and $31,860.00, respectively, together with interest at a rate of 3.00% per year. ECF Nos. 1-2 and 1-3. The government also submitted the Mortgage, executed on the same date by Joseph Parris, Jr., to secure payment on the Notes (ECF No. 1-4), and a Notification of Loan Approval and Borrower Responsibilities, dated September 23, 2009,

*United States v. Parris*
1:13-cv-00043
Memorandum Opinion
Page 6

executed by Joseph N. Parris, Jr., in which he agrees to the terms and conditions contained therein. ECF No. 1-6.

Based upon the foregoing, the government has shown that Defendant executed the Notes, Mortgage, and Notice of Loan Approval and Borrower Responsibilities. Defendant has not argued to the contrary and has put forth no evidence suggesting otherwise. Accordingly, there is no genuine dispute of material fact as to whether Defendant executed the Notes and Mortgage at issue, and Plaintiff has satisfied the first requirement of what is necessary to succeed on a foreclosure claim in the Virgin Islands. *See Ridgewood Bd. of Educ.*, 172 F.3d at 252.

Plaintiff also has provided evidence that Defendant is in default on the Notes and Mortgage by failing to make payments due under those documents and that it may foreclose on the Property. The Notes state: "Failure to pay when due any debt evidenced by this note or perform any covenant or agreement hereunder shall constitute DEFAULT . . . under this note" and that "[u]pon such default, the Government at its option may declare all or any part of any such indebtedness immediately due and payable." ECF Nos. 18-3 and 18-4 at 3, para. 21. The Mortgage provides that "[s]hould default occur . . . , the Government, at its option . . . may foreclose this instrument and sell the property as prescribed by law. ECF No. 18-5 at 4, para. 27. Plaintiff, through the affidavit of Larry Purnell, attested that Defendant failed "to pay the installment payments due on October 19, 2010, and all subsequent installments." ECF No. 18-1 at 4, para. 18. Plaintiff also submitted

*United States v. Parris*
1:13-cv-00043
Memorandum Opinion
Page 7

a Notice of Acceleration, dated March 25, 2011, which notes that Defendant had ceased farming.  ECF No. 18-9.  Defendant has not challenged the government's contention that he is in default or Plaintiff's authority to foreclose on the Property mortgaged as security for the Notes, nor has Defendant presented any evidence contrary to Plaintiff's claims in these respects. Accordingly, the Court finds that there is no genuine issue of material fact as to whether Defendant is in default under the terms and conditions of the Notes and Mortgage or whether Plaintiff possesses the authority to foreclose on the Property due to Defendant's default.

In view of the foregoing, Defendant Joseph N. Parris has not shown that a genuine issue of material fact exists and that a reasonable factfinder could rule in his favor. *Ridgewood Bd. of Educ.*, 172 F.3d at 252.  An Order granting summary judgment is therefore appropriate.

## **CONCLUSION**

For the reasons discussed above, the Court will grant Plaintiff's Motion for Summary Judgment.  An appropriate Judgment and Order accompanies this Memorandum Opinion.

ENTER:

Dated:  November 24, 2014            /s/ George W. Cannon, Jr.
                                     GEORGE W. CANNON, JR.
                                     MAGISTRATE JUDGE